UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AKSART, LP, and ANNE SMALLING in her capacity as Trustee of the Nancy E. Meinig Revocable Trust,<br><br>*Plaintiffs*<br><br>v.<br><br>AIG PROPERTY CASUALTY COMPANY<br><br>*Defendant* | § § § § § § § § § § § § § § | C.A. NO.: 1:21-CV-462 |

## NOTICE OF REMOVAL
## BY DEFENDANT AIG PROPERTY CASUALTY COMPANY

Defendant AIG Property Casualty Company ("AIGPCC") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), as follows:

### COMMENCEMENT AND SERVICE

1.  This is an insurance coverage dispute. On April 27, 2021, Plaintiffs Aksart, LP and Anne Smalling in her capacity as Trustee of the Nancy E. Meinig Revocable Trust (collectively, "Plaintiffs") filed an action styled Cause No. D-1-GN-001926; *Aksart, LP, and Anne Smalling in her capacity as trustee of the Nancy E. Meinig Revocable Trust v. AIG Property Casualty Company*; in the 53rd Judicial District Court of Travis County, Texas (the "State Court Lawsuit").

2.  On April 28, 2021, AIGPCC was served with citation and process in the State Court Lawsuit. This Notice of Removal is filed within 30 days of that date, pursuant to 28

U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## GROUNDS FOR REMOVAL

3.  This action is removable because there is complete diversity of citizenship between the parties and because damages alleged are more than $75,000.00. Accordingly, this matter is within the jurisdiction conferred by 28 U.S.C. § 1332.

4.  Copies of all pleadings, process, and orders in the State Court Lawsuit are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.  Venue is proper in this district under 28 U.S.C. § 1441(a) because the State Court Lawsuit was filed in Travis County District Court, and that court is in a county assigned to the United States District Court for the Western District of Texas, Austin Division. 28 U.S.C. §124(d)(1).

6.  AIGPCC will promptly file a copy of this Notice of Removal with the clerk of the Travis County District Court, where the State Court Lawsuit is pending.

## DIVERSITY OF CITIZENSHIP

### Plaintiff Aksart, LP

7.  The citizenship of a partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853, 856 n.3 (5th Cir. 2003). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every ... partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d

530, 536 (5th Cir. 2017). When members or partners are themselves entities or associations, citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

8. Plaintiff Aksart, LP admits that is a Texas limited partnership with its principal place of business in Travis County, Texas [ECF #1-4 at ¶1]. According to records maintained by the Texas Secretary of State, the general partner of Plaintiff Askart, LP is AMS GP LLC, a Texas limited liability company. In turn, the sole member of AMS GP LLC, according to records maintained by the Texas Secretary of State, is Anne Smalling, who is a Plaintiff in this matter in her capacity as Trustee of the Nancy E. Meinig Revocable Trust and who admits to residing in Travis County, Texas [ECF #1-4 at ¶2]. Accordingly, AMS GP LLC is a Texas resident for purposes of federal diversity jurisdiction.

9. After a diligent investigation, the limited partners, if any, of Plaintiff Aksart, LP cannot be identified at this time. The Texas Secretary of State does not maintain such records and no such information is available through reasonable search efforts. Nonetheless, based on information and belief, any limited partners of Plaintiff Aksart, LP are residents of Texas or Oklahoma.

10. As the general partner of Plaintiff Aksart, LP is unquestionably a Texas resident and any limited partners of Plaintiff Aksart, LP are Texas or Oklahoma residents based on information and belief, Plaintiff Aksart, LP is a Texas (or possibly Oklahoma) resident for purposes of federal diversity jurisdiction.

<u>Plaintiff Anne Smalling in her capacity as Trustee
of the Nancy E. Meinig Revocable Trust</u>

11.     Plaintiff Anne Smalling, in her capacity as Trustee of the Nancy E. Meinig Revocable Trust, admits to residing in Travis County, Texas [ECF #1-4 at ¶2]. Plaintiffs further admit that the Nancy E. Meinig Revocable Trust is a Texas revocable trust with its principal place of business in Travis County, Texas [ECF #1-4 at ¶2]. Accordingly, Plaintiff Anne Smalling, in her capacity as Trustee of the Nancy E. Meinig Revocable Trust, is a Texas resident for purposes of federal diversity jurisdiction.

<u>Defendant AIGPCC</u>

12.     A corporation is a citizen of its state(s) of incorporation and of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The removing party must allege both a corporation's state of incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

13.     Defendant AIGPCC is a corporation incorporated under the laws of Illinois, with its principal place of business in New York. Accordingly, AIGPCC is a citizen of Pennsylvania and New York for the purposes of federal diversity jurisdiction. 28 U.S.C. §1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. at 92-93.

AMOUNT IN CONTROVERSY

14.     Generally, the amount in controversy in each action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in

good faith. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). When the complaint does not include the amount of damages sought, a defendant may prove the amount exceeds $75,000.00 by showing that it is facially apparent from the petition that the claims are in excess thereof. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

15. In this case, Plaintiff specifically alleges that it "seeks monetary relief over $1 million" [ECF #1-4 at ¶5]. Accordingly, it is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00. As such, federal diversity jurisdiction exists, and AIGPCC is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

## JURY DEMAND

16. Plaintiffs did not demand a jury in the State Court Lawsuit.

## CONCLUSION

17. This action should be removed to this Court pursuant to 28 U.S.C. § 1441, as there is complete diversity of citizenship between the parties and the judgment value of damages sought by Plaintiffs is more than the jurisdictional limit.

18. AIGPCC is filing with this Notice of Removal the following:

   (i)   All executed process in the case;
   (ii)  Pleadings asserting causes of action and all answers to such pleadings;
   (iii) All orders signed by the state judge;
   (iv)  The docket sheet;

(v) An index of matters being filed; and

(vi) A list of all counsel of record, including addresses, telephone numbers, and parties represented.

WHEREFORE, AIG Property Casualty Company respectfully requests that this Court remove this action from the 53rd Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

By: /s/ *Raymond Gregory*
Raymond L. Gregory II
State Bar No. 08438275
S.D. Texas Bar No. 12879
rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY-IN-CHARGE FOR
DEFENDANT AIG PROPERTY
CASUALTY COMPANY

## **CERTIFICATE OF SERVICE**

I certify that on May 24, 2021, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via the CM/ECF System and/or any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

Carlos R. Soltero
Gregory P. Sapire
Kayla Carrick
Soltero Sapire Murrell PLLC
7320 N. MoPac Expy, Suite 309
Austin, Texas 78731
carlos@ssmlawyers.com
greg@ssmlawyers.com
kayla@ssmlawyers.com

/s/ *Raymond Gregory*
Raymond L. Gregory II