

# Notice of Service of Process

**TRL / ALL**
**Transmittal Number: 23131528**
**Date Processed: 04/29/2021**

| | |
|---|---|
| **Primary Contact:** | Eric Manne<br>AIG Property Casualty<br>80 Pine St<br>Fl 13<br>New York, NY 10005-1734 |

| | |
|---|---|
| **Entity:** | AIG Property Casualty Company<br>Entity ID Number  0212479 |
| **Entity Served:** | AIG Property Casualty Company |
| **Title of Action:** | Aksart, LP, and Anne Smalling in Her Capacity as trustee of the Nancy E. Meinig Revocable Trust vs. AIG Property Casualty Company |
| **Matter Name/ID:** | Aksart, LP, and Anne Smalling in Her Capacity as trustee of the Nancy E. Meinig Revocable Trust vs. AIG Property Casualty Company (11187468) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-21-001926 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/28/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Carlos Ramon Soltero<br>512-422-1559 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-21-001926**

AKSART, LP, AND ANNE SMALLING in her capacity as trustee of the Nancy E. Meinig Revocable Trust, Plaintiff(s)

vs.

AIG PROPERTY CASUALTY COMPANY, Defendant(s)

TO:   AIG PROPERTY CASUALTY COMPANY
      BY SERVING ITS REGISTERED AGENT UNITED STATES CORP COMPANY
      211 E 7TH STREET STE 620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFFS' ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 27, 2021 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 28, 2021.

REQUESTED BY:
CARLOS RAMON SOLTERO
7320 N MO PAC EXPY, #309
AUSTIN, TX 78731
BUSINESS PHONE: (512) 422-1559   FAX: (512) 359-7996

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ ALEXUS X

- - - - - - - - - - **RETURN** - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on the _____ day of
_____, _____, at _____ o'clock _____M.,
by delivering to the within named _____, each in person, a true copy of this citation
together with the PLAINTIFFS' ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading
and endorsed on such copy of citation the date of delivery.

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-21-001926                    CONSTABLE 5                    P01 - 000106025

4/27/2021 3:37 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001926
Alexus Rodriguez

CAUSE NO. D-1-GN-21-001926

| | | |
|---|---|---|
| AKSART, LP, AND ANNE SMALLING in her capacity as trustee of the Nancy E. Meinig Revocable Trust, <br> PLAINTIFFS, <br><br> v. <br><br> AIG PROPERTY CASUALTY COMPANY, <br> DEFENDANT. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT OF <br><br><br> TRAVIS COUNTY, TEXAS <br><br><br> 53RD   JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE DISTRICT JUDGE:

Plaintiffs AKSART, LP and Anne Smalling, in her capacity as trustee of the Nancy E. Meinig Revocable Trust (collectively, "Plaintiffs"), file this cause of action complaining of Defendant AIG Property Casualty Company a/k/a AIG Private Client Group ("Defendant" or "AIG PCC") and would show as follows:

### I.    PARTIES

1.    Plaintiff AKSART, LP is a Texas Limited Partnership with its principal place of business in Travis County, Texas.

2.    Plaintiff Anne Smalling in her capacity as trustee of the Nancy E. Meinig Revocable Trust which is a Texas revocable trust with its principal place of business in Travis County, Texas, and trustee Anne Smalling resides in Travis County, Texas.

3.    Defendant AIG PCC is an Illinois insurance company doing business in Texas with its principal place of business in New York that may be served with process upon its Texas registered

agent for service of process, United States Corp Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## II.   DISCOVERY

4.      Plaintiffs intend to conduct discovery under Level 3. Tex. R. Civ. P. 190.4.

## III.   VENUE AND JURISDICTION

5.      Venue is proper in Travis County, Texas, where Plaintiffs have their principal place of business, and where a substantial part of the cause of action occurred. Plaintiffs seek monetary relief over $1 million. Tex. R. Civ. P. 47(c).

6.      Plaintiffs' damages, exclusive of interest and costs, are within the jurisdictional amounts of the Court.

## IV.   FACTUAL BACKGROUND

7.      This case involves AIG PCC's bad faith refusal to honor its obligations as an insurer of fine modern artwork, specifically the damaged artwork created by Gerhard Richter in 1999 (referred to as "the Artwork" herein), owned at all relevant times by AKSART, LP, the insured on the applicable policy(ies).  AIG PCC has agreed to be the insurer of the Artwork at all relevant times. Plaintiff the Nancy E. Meinig Revocable Trust has a lease interest in the Artwork and has at all relevant times been an additional insured.

8.      In 2015, Christie's appraised the Artwork and provided the Artwork's then-fair market value which was 15 years after the Artwork was created. The appraisal gave no indication that the Artwork had at that time suffered the significant damage that would later lead to the filing of the Claim. Additionally, AIG PCC has been collecting insurance premiums from Plaintiffs based on the 2015 Christie's appraised valuation.

9.   Less than four years later, an expert in the field, Dr. Sabine Wilson viewed the Artwork and assessed its then fair market value: Dr. Wilson determined there had been a 7/8ths diminution in value based on "significant damage" to the Artwork. Based on Dr. Wilson's personal inspection of the painting, she concluded that the cause of damage to the Artwork was "not normal aging" and observed that "[t]here are also some areas were [sic] the paint surface came into contact with a fabric or foil that altered the surface texture . . . ."

10.   Upon learning of the loss, Plaintiffs submitted the claim to AIG PCC in 2019, made the Artwork available to AIG PCC, and have at all times cooperated with AIG PCC in connection with the claim.  By letter dated July 23, 2019, AIG PCC's representative acknowledged receipt of the claims and notified Plaintiffs that AIG PCC was denying the claim based solely on the "wear and tear exclusion", incorrectly contending that the damage was due to some vague, undefined, and unproven gradual deterioration and an "inherent vice and latent defect."

11.   AIG PCC's pretextual denial based on gradual deterioration is implausible. The Artwork was completed 19 years prior to AIG PCC contracting SAFA to analyze the Artwork, which had been in good condition both at the time of sale in 2004 and at the time of Christie's appraisal in 2015.  Even AIG PCC's questionable investigation recognizes that the cracking in the Artwork could have been inflicted by an external event and based on the incorrect observation that there was no surface abrasion on the Artwork. As Dr. Wilson observed, there are in fact some areas where the paint surface came into contact with a fabric or foil that altered the surface texture. Finally, the contention that certain properties of the Artwork made it more vulnerable to damage not only do not support the application of the inherent vice exclusion that requires an insured to prove this affirmative defense was the *sole* cause of the uncontested fact of damage to the Artwork, but AIG PCC had no hesitation in accepting considerable premium payments and valued the

3

Artwork at exactly the amount Christie's did, which is reflected in the Policy. *See, e.g., Gerawan Farming Partners, Inc. v. Westchester Surplus Lines Ins. Co.,* No. CIVF 05-1186 AWI DLB, 2008 WL 80711, at *16 (E.D. Cal. Jan. 4, 2008) (holding that inherent vice exclusion does not preclude coverage unless inherent vice was the *sole* cause of the damage).

12.     Despite numerous pre-suit demands and extensive cooperation in AIG PCC's process, AIG PCC simply refuses to take care of its insureds and has improperly declined the claim based on the inapplicable, pretextual "wear and tear" exclusion to the Artwork's damage.  AIG PCC's conduct has made the filing of this lawsuit necessary for Plaintiffs to obtain what the policy and the law requires.

13.     Plaintiffs brings suit to recover amounts properly recoverable under Texas law.

### V.     BREACH OF CONTRACT

14.     Plaintiffs incorporate the preceding paragraphs by reference for all purposes herein.

15.     AIG PCC and Plaintiffs entered into insuring agreements providing private collections coverage for the Artwork.  Plaintiffs have at all times dutifully complied with all of their material obligations under the insuring agreements including paying a considerable amount of money in premiums. AIG PCC has materially breached the agreements by declining the claim based on the uncontested fact of damage to the Artwork and by failing to pay for Plaintiffs' loss and damages.

16.     As a result and proximate cause of the breach, Plaintiffs have suffered damages for which they seek recovery including the policy benefits, the diminution in value of the Artwork, the costs associated with making the claims including appraisers, experts, and other out of pocket expenses, potential costs associated with restoration of the Artwork, the payment of excess premiums, and their reasonable and necessary attorney's fees and court costs.

## VI. TEXAS INSURANCE CODE VIOLATIONS

17.     Plaintiffs incorporate the preceding paragraphs by reference for all purposes herein.

18.     In addition to and independent of Plaintiffs' claims for breach of contract, Plaintiffs assert statutory claims against AIG PCC under Section 541 and 542 of the Texas Insurance Code.

19.     Specifically, AIG PCC engaged in unfair and deceptive acts and practices in violation of Section 541.151 of the Texas Insurance Code, including by engaging in unfair settlement practices of Plaintiffs' claims as defined in Section 541.060 of the Texas Insurance Code. AIG PCC additionally engaged in unfair claim settlement practices with respect to Plaintiffs' claims, in violation of Section 542.003 of the Texas Insurance Code, and failed to make prompt payment, as required by Sections 542.051–542.061 of the Texas Insurance Code.

20.     Texas insurance law places certain duties and obligations on insurers like AIG PCC, which AIG PCC has violated in connection with the claim of undisputed loss and AIG PCC's handling and investigation of the claim. AIG PCC did not adequately review and analyze the Artwork itself, has not thoroughly or promptly performed a reasonable investigation of the claims, failed to implement reasonable standards for a prompt investigation, did not properly consider all available information, has not reached a logical conclusion considering the entirety of information regarding the condition of the Artwork, has not effectuated or attempted in good faith a prompt, fair and equitable settlement of the claim where liability has become reasonably clear, and has not provided a reasonable basis for denial of the claim. *See* Tex. Ins. Code §§ 541.151, 541.003, 541.060, 542.003, and 542.051–542.061. Because of AIG PCC's legally insufficient handling of the claim, Plaintiffs have incurred significant expenses for which the law allows them to seek recovery. *See* Tex. Ins. Code § 541.152.

21.     As a result and because of the breaches of these statutory obligations, Plaintiffs have suffered damages for which they seek recovery including the diminution in value of the Artwork, the costs associated with making the claims including appraisers, experts, and other out of pocket expenses, potential costs associated with restoration of the Artwork, the payment of excess premiums, applicable statutory penalties including for violations of the prompt payment statute, and their reasonable and necessary attorney's fees and court costs.

## VII. DAMAGES AND RELIEF REQUESTED

22.     Plaintiffs seek all actual damages caused by the legal violations described above, as well as reasonable attorneys' fees, costs of court, treble damages, the maximum amount of lawful pre-judgment and post-judgment interest, and statutory damages.

## VIII. CONDITIONS PRECEDENT

23.     All conditions precedent have been performed, waived, or have occurred.

## REQUEST FOR RELIEF

For these reasons, Plaintiffs request that Defendant be cited to appear and answer, and that Plaintiffs receive a Judgment against Defendant for all actual damages, equitable and other legal relief, prejudgment and post-judgment interest, costs of court, and all other just relief to which Plaintiffs are entitled

Dated: April 27, 2021

Respectfully submitted,

SOLTERO SAPIRE MURRELL PLLC

By:    */s/ Carlos R. Soltero*
      Carlos R. Soltero
      carlos@ssmlawyers.com
      Texas State Bar No. 00791702
      Gregory P. Sapire
      greg@ssmlawyers.com
      Texas State Bar No. 00791601
      Kayla Carrick
      kayla@ssmlawyers.com
      Texas State Bar No. 24087264

7320 N. MoPac Expy., Suite 309
Austin, Texas 78731
(512) 422-1559 Telephone
(512) 359-7996 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

7

CAUSE No. D-1-GN-21-001926

| | | |
|---|---|---|
| AKSART, LP, and ANNE SMALLING in her capacity as Trustee of the Nancy E. Meinig Revocable Trust, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| AIG PROPERTY CASUALTY COMPANY | § § § § | |
| *Defendant* | § | 53RD JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT AIG PROPERTY CASUALTY COMPANY

Defendant AIG Property Casualty Company ("AIGPCC") files its Original Answer, as follows:

1.      Subject to such stipulations and/or admissions that may hereinafter be made, AIGPCC enters a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation contained in Plaintiffs' Original Petition and demanding strict proof thereof as required by laws of the State of Texas. TEX. R. CIV. P. 92. AIGPCC reserves the right to amend its answer and defenses, as well as relies upon, without waiver, the express and unambiguous terms, conditions, exclusions, and exceptions contained within the insurance policy at issue in this lawsuit.

WHEREFORE, Defendant AIG Property Casualty Company requests that the relief prayed for by Plaintiffs in their live petition in the above-styled and numbered cause be denied, that Plaintiffs take nothing herein, and that Defendant goes hence without delay, with recovery of its costs and attorney fees, and with such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted:


By: /s/ *Raymond Gregory*

    Raymond L. Gregory II
    State Bar No. 08438275
    rlg2@egglestonbriscoe.com

    EGGLESTON & BRISCOE, LLP
    4800 Three Allen Center
    333 Clay Street
    Houston, Texas 77002
    (713) 659-5100
    (713) 951-9920 | Facsimile

    ATTORNEY FOR DEFENDANT AIG
    PROPERTY CASUALTY COMPANY

## CERTIFICATE OF SERVICE

    I certify that on May 24, 2021, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via the CM/ECF System and/or any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

    Carlos R. Soltero
    Gregory P. Sapire
    Kayla Carrick
    Soltero Sapire Murrell PLLC
    7320 N. MoPac Expy, Suite 309
    Austin, Texas 78731
    carlos@ssmlawyers.com
    greg@ssmlawyers.com
    kayla@ssmlawyers.com


    /s/ *Raymond Gregory*
    Raymond L. Gregory II